1  **WO**                                                                      RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Robles, | No. CV-04-2452-PHX-NVW (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Oswald Grenier, et al., | |
| Defendants. | |

Mario Robles (Plaintiff), presently confined in the Maricopa County Towers Jail in Phoenix, Arizona (Towers Jail), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff has not paid a filing fee, but he has filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil" (Non-Habeas) (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with his Complaint.

**APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILING FEE**

Plaintiff's certified Application To Proceed and Account Statement filed with the Complaint make the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's Application to Proceed will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee.

**TERMPSREF**                                 - 1 -

1  Effective February 7, 2005, the filing fee for a civil rights action increased from one hundred
2  and fifty dollars ($150.00) to two hundred and fifty dollars ($250.00).  See 28 U.S.C. § 1914,
3  amended by, Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809,
4  Sec. 307 (December 8, 2004).  Plaintiff's Complaint, however, is not subject to the increased
5  fee because Plaintiff filed his Complaint prior to February 7, 2005.  Accordingly, Plaintiff
6  is obligated to pay only the one hundred and fifty dollar ($150.00) filing fee.

7  Plaintiff will not be assessed an initial partial filing fee.  However, Plaintiff will be
8  obligated for monthly payments of twenty percent (20%) of the preceding month's income
9  credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate
10 agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten
11 dollars ($10.00), until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

12 Plaintiff should take notice that if he is released before the filing fee is paid in full, he must
13 pay the remaining unpaid amount of the filing fee within one hundred and twenty (120) days
14 of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one
15 hundred and twenty (120) days of the date of his release, the action will be dismissed, unless
16 Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing
17 fee.

18 Plaintiff also should take notice that a prisoner may not bring a civil action without
19 complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or
20 more occasions, an action or appeal in a federal court that was dismissed as frivolous, as
21 malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner
22 is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

23 **STATUTORY SCREENING OF PRISONER COMPLAINTS**

24 The Court is required to screen complaints or amended complaints brought by prisoners
25 seeking relief against a governmental entity or officer or employee of a governmental entity.
26 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff
27 has raised claims that are legally frivolous or malicious, that fail to state a claim upon which
28 **TERMPSREF**                                  - 2 -

1 relief may be granted, or that seek monetary relief from a defendant who is immune from
2 such relief.  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or
3 portion thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42
4 U.S.C. § 1997e(a).

## COMPLAINT

Plaintiff alleges three (3) counts in his Complaint.  (Complaint at 4-6).

Named as Defendants in the Complaint are: (1) Oswald Grenier, Police Officer, Phoenix Police Department; (2) Derron Arnson, Police Officer, Phoenix Police Department; (3) Michael Davidson, Police Officer, Phoenix Police Department; and (4) City of Phoenix Police Department.  (Complaint at 1-2).

Plaintiff seeks reprimands and retraining for Police Officer Defendants, and monetary damages.  (Complaint at 7).

## DISMISSAL OF DEFENDANT

**City of Phoenix Police Department**

To impose liability under 42 U.S.C. § 1983 upon Defendant City of Phoenix Police Department, or the City of Phoenix, Plaintiff must demonstrate the existence of a particular official city policy or established custom and that the policy or custom caused him to be subjected to a deprivation of a constitutional right.  Oklahoma City v. Tuttle, 471 U.S. 808, 829-30 (1985) (Justice Brennan, concurring); See also, Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 694 (1978); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir. 1984).

Plaintiff makes no allegations in the Complaint regarding a particular policy or custom of the City of Phoenix Police Department or the City of Phoenix.  Indeed, the only allegation Plaintiff appears to make against the City of Phoenix Police Department is that the Department "is to be held accountable for the actions of all its employees."  (Complaint at 2).  However, the City of Phoenix Police Department "cannot be held liable under § 1983 on a respondeat superior theory."  Monell, 436 U.S. at 691.  Accordingly, the City of Phoenix

**TERMPSREF** - 3 -

1 Police Department is not a proper Defendant, and will be dismissed without prejudice from
2 this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a
3 claim upon which relief may be granted.

**DISCUSSION**

**Count I**

In Count I of the Complaint, Plaintiff claims that Defendants Oswald Grenier, Derron Arnson, and Michael Davidson used unnecessary and excessive force against him when they lunged toward him with no provocation from Plaintiff and brutally beat and kicked him into a "stupor." (Complaint at 4). Plaintiff alleges that he was beaten so severely that he blacked out and had to be hospitalized. Id.

In reviewing Plaintiff's allegations in Count I, the Court notes that "all claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Conner, 490 U.S. 386, 395 (1989). Accordingly, Plaintiff's excessive force claim will be construed as raising a Fourth Amendment claim. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt").

Liberally construed, Plaintiff's Count I states an excessive force claim for relief under the Fourth Amendment against Defendants Grenier, Arnson, and Davidson. Accordingly, the Court will call for an answer from Defendants Grenier, Arnson, and Davidson to Count I of the Complaint.

**Count II**

In Count II of the Complaint, Plaintiff claims that the "vicious" beating by Defendants Grenier, Arnson, and Davidson was an "unjust" threat to his safety. (Complaint at 5).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a constitutional right. Haygood v. Younger, 769 F.2d 1350,

**TERMPSREF** - 4 -

1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). However, Plaintiff has failed to allege the violation of a specific constitutional right in Count II.

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3rd Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

Although Plaintiff's excessive force claim in Count I lent itself to being construed as a claim under the Fourth Amendment, Plaintiff's threat to safety claim in Count II does not appear to implicate a specific constitutional right. Indeed, the Court is unaware of any general constitutional right to be free from a threat to safety. Accordingly, Count II of the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Count III**

In Count III of the Complaint, Plaintiff claims that Defendants Grenier, Arnson, and Davidson retaliated against him by beating him and by improperly recounting the incident in a police report that is largely untrue. (Complaint at 6).

Again, Plaintiff has failed to allege the violation of a specific constitutional right in Count III, and the Court is unaware of any general constitutional right not to be retaliated against. Accordingly, Count III of the Complaint will also be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## RULE 41(b) WARNING

Plaintiff is warned that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert.

**TERMPSREF**                                             - 5 -

denied. 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1)  That Plaintiff's  "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" filed with the Complaint is GRANTED;

(2)  That Plaintiff is OBLIGATED to pay the statutory filing fee of one hundred and fifty dollars ($150.00) for this action.  Plaintiff will not be assessed an initial partial filing fee.  However, Plaintiff will be OBLIGATED for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  All fees shall be collected and paid in accordance with this Court's Order to the Maricopa County Sheriff filed concurrently herewith;

(3)  That Defendant City of Phoenix Police Department is DISMISSED WITHOUT PREJUDICE from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(4)  That Counts II and III of the Complaint (Document #1) are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(5)  That the Clerk of the Court is DIRECTED TO SEND Plaintiff a service packet, including a copy of this Order, a copy of the Complaint (Document #1), and both summons and request for waiver forms for Defendants Oswald Grenier, Derron Arnson, and Michael Davidson;

(6)  That Plaintiff SHALL COMPLETE AND RETURN the service packet to the Clerk of the Court within twenty (20) days of the filing date of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(7)  That if Plaintiff does NOT either obtain a waiver of service of summons or complete service of the summons and Complaint on any Defendant within one hundred and twenty

**TERMPSREF** - 6 -

1  (120) days of the date the Complaint was filed, or within sixty (60) days of the filing of this
2  Order, whichever is later, the ACTION MAY BE DISMISSED as to that Defendant pursuant
3  to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local
4  Rules of Civil Procedure (LRCiv);

5  (8)  That the United States Marshal SHALL RETAIN the summons, a copy of the
6  Complaint (Document #1), and a copy of this Order for future use;

7  (9) That the United States Marshal SHALL NOTIFY Defendants Oswald Grenier, Derron
8  Arnson, and Michael Davidson of the commencement of this action and REQUEST
9  WAIVER OF SERVICE pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The
10 notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of
11 service of the summons or requests for waivers that are returned as undeliverable as soon as
12 they are received.  If a waiver of service of summons is not returned by a Defendant to the
13 Marshal within thirty (30) days from the date the request for waiver was sent by the Marshal,
14 the Marshal shall:

15    (a) Personally serve copies of the summons, Complaint (Document #1), and
16    this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules
17    of Civil Procedure;

18    (b) Within ten (10) days after personal service is effected, file the return of
19    service for the Defendant, along with evidence of the attempt to secure a
20    waiver of service of the summons and of the costs subsequently incurred in
21    effecting service upon the Defendant.  The costs of service shall be
22    enumerated on the return of service form (USM-285) and shall include the
23    costs incurred by the Marshal for photocopying additional copies of the
24    summons, Complaint, or this Order and for preparing new process receipt and
25    return forms (USM-285), if required.  Costs of service will be taxed against
26    the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the
27    Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

28 **TERMPSREF** - 7 -

1    (10) **That if a Defendant agrees to waive service of the summons and Complaint, the Defendant SHALL RETURN the signed waiver form to the United States Marshal, not to Plaintiff**;

(11) That Defendants Grenier, Arnson, and Davidson SHALL ANSWER Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(12) That any answer or responsive pleading SHALL STATE the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer or responsive pleading that does not identify the specific Defendant(s) by name on whose behalf it is filed;

(13) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(14) That Plaintiff SHALL SERVE upon Defendants, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or the counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

(15) That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Plaintiff

**TERMPSREF**                                        - 8 -

1   shall serve a copy of the notice on all opposing parties.  Failure to file a NOTICE OF
2   CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
3   pursuant to Federal Rule of Civil Procedure 41(b);
4      (16)  That this matter is REFERRED to Magistrate Judge Edward C. Voss pursuant to
5   LRCiv 72.1 and 72.2 for further proceedings.
6      DATED this 25th day of October, 2005.

                                        Neil V. Wake
                                 United States District Judge

**TERMPSREF**                                          - 9 -